UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEREMY STRICKLAND | CIVIL ACTION |
| VERSUS | NO. 24-0379 |
| 21ST JUDICIAL DISTRICT COURT DIVISION "D" | SECTION "G"(4) |

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.   **Complaint (ECF No. 4)**

Plaintiff Jeremy Strickland ("Strickland"), is a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC"). ECF No. 4, ¶II, at 3; *id*. at ¶III(A); *id*., ¶3, at 8. Strickland filed this *pro se* and *in forma pauperis* suit pursuant to 42 U.S.C. § 1983 against the 21st Judicial District Court for Tangipahoa Parish, Louisiana, Division "D". *Id*., ¶III(B), at 4; *id*., ¶4, at 8. Strickland alleges that, on October 22, 2011, he entered into "plea contract agreement" which led him to enter pleas of nolo contendere on two counts of forcible rape, two counts of second degree kidnapping, two counts of oral sexual battery, one count of aggravated criminal damage to property, four counts of solicitation to commit murder, one count of issuing worthless checks, and one count of false representations as a peace officer. *Id*., ¶5, at 8. He further states that, on November 14, 2001, the defendant sentenced him to serve the following: 40 years in prison on each count of forcible rape with the first two years to be served without probation, parole, or

suspension of sentence; 40 years in prison on each count of second degree kidnapping; fifteen years in prison on each count of oral sexual battery; 15 years in prison for aggravated criminal damage; 10 years in prison on each count of solicitation of murder; one year in prison for issuing worthless checks; and, 90 days in prison for false representation. *Id*., ¶6, at 8-9. Strickland claims that the defendant imposed special conditions on the sentences by directing that he receive credit for time served and that the sentences run concurrently and co-terminously with each other and with a separate probation revocation that occurred in Livingston Parish. *Id*.

Strickland argues that his convictions under the "plea contract" denied him due process, equal protection, and an adequate judicial remedy. He claims that the "contract" and its enforcement under Louisiana's statutory framework also violated separation of powers where it promised him a certain sentence and caused him unconstitutional injury through loss of enjoyment of life and liberty. As relief, Strickland seeks to restore his liberty, and "[g]iven the nature of the substantial error, [his] plea and sentence in this matter should be declared unconstitutional, voided and set aside . . ."[1] *Id*. at 13, n.7.

## II. <u>Standards of Review for Frivolousness</u>

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other*

---

[1] In support of his request to overturn his conviction, Strickland references a United States Ninth Circuit Court of Appeals case, *People of the Territory of Guam v. Okada*, 694 F.2d 565, 569 (9th Cir. 1982), which is of no clear relevance here, and he offers no explanation for the citation. In *Okada*, the Ninth Circuit held that the Guam Legislature had no power to legislate appellate procedures for either the federal District Court for the territory of Guam or for the Ninth Circuit. *Id*.

*grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. <u>Analysis</u>

#### A. <u>Improper Defendant</u>

Strickland has named the 21st Judicial District Court as the lone defendant in this § 1983 civil rights case. However, it has long been recognized that "state courts are not considered 'persons' within the meaning of § 1983." *Moity v. La. St. Bar Assoc.*, 414 F. Supp. 180, 182 (E.D. La.); *Dunn v. Louisiana*, No. 10-4519, 2011 WL 446651, at *3 (E.D. La. Jan. 20, 2011), *report and recommendation adopted*, 2011 WL 445684, at *1 (E.D. La. Feb. 3, 2011); *Thompson v. St. Bernard Par. Ct.*, No. 09-4465, 2010 WL 110797, at *3 (E.D. La. Jan. 11, 2010); *Stewart v. Crim. Dist. Ct. of La.*, No. 08-3731, 2008 WL 4758610, at *2 (E.D. La. Oct. 30, 2008); *Knight v. Guste*,

3

No. 07-1124, 2007 WL 1248039, at *3 (E.D. La. Apr. 27, 2007). The 21st Judicial District Court also is not an entity with juridical capacity, *i.e.* it is not a suable entity, under Louisiana law and therefore, is not a proper defendant under Fed. R. Civ. Proc. 17(b)(2). *See Griffith v. Louisiana*, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) ("[A] Louisiana state court does not qualify as a juridical person and thus lacks the capacity to be sued."); *Durden v. Bryson*, No. 17-214, 2017 WL 4855437, at *2 (W.D. La. Sep. 26, 2017), *report and recommendation adopted by* 2017 WL 4847783, at *1 (W.D. La. Oct. 25, 2017); *Chisom v. Edwards*, No. 86-4075, 2012 WL 13005340, at *7-9 (E.D. La. Aug. 6, 2012); *Swift v. Juvenile Court*, No. 2009-1182, 2010 WL 786031 (La. App. 3d Cir. Mar. 10, 2010) (finding "that the law does not grant a juvenile court the procedural capacity to sue or be sued."). Strickland, therefore, has not named a viable defendant capable of being sued or held liable under § 1983.

For these reasons, Strickland's claims against the 21st Judicial District Court should be dismissed with prejudice pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and/or for failure to state a claim for which relief can be granted.

### B.   Eleventh Amendment Bar

Even if a Louisiana state court could be sued, suit in this federal court against the 21st Judicial District Court, as a division or agency of the State, would barred by the Eleventh Amendment. Under the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent." *Rodriguez v. Tex. Commn. on the Arts*, 199 F.3d 279, 280 (5th Cir. 2000) (addressing U.S. CONST. amend. XI). "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'" *Med. RX/Sys., P.L.L.C. v. Tex. Dep't of St. Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Howlett v. Rose*,

496 U.S. 356, 365 (1990); *Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 71, (1989)).  The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts.  When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity.  By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La. Rev. Stat. Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

*Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); *Champagne v. Jefferson Par. Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999); *McGuire v. Lafourche Par. Work-Release Facility*, No. 09-6755, 2009 WL 4891914, at *3-4 (E.D. La. Dec. 4, 2009).

While a State may expressly waive this Eleventh Amendment sovereign immunity, Louisiana has by statute declined to do so.[2]  This court therefore lacks jurisdiction over Strickland's complaint against the State of Louisiana and the 21st Judicial District Court as an agency or branch thereof.  *See*, *e.g.*, *Dunn*, 2011 WL 446651, at *3; *Wilkerson v. 17th Jud. Dist. Ct.*, No. 08-1196, 2009 WL 249737, at *3-4 (E.D. La. Jan. 30, 2009); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524, at *3 (E.D. La. Jun. 21, 2007); *see also Jefferson v. La. St. Sup. Ct.*, No. 01-31275, 2002 WL 1973897 (5th Cir. Aug. 9, 2002) ("The Eleventh Amendment clearly bars Jefferson's § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government.")

---

[2] *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dept. of Highways*, 780 F.2d 268, 1271-73 (5th Cir. 1986).

(citing *Southern Christian Leadership Conference v. Sup. Ct. of State of La.*, 252 F.3d 781, 783 n.2 (5th Cir. 2001)).

For these reasons, should Strickland have intended to sue the State of Louisiana through the 21st Judicial District Court, his claims would be subject to dismissal with prejudice pursuant to § 1915 and § 1915A as frivolous and/or for failure to state a claim for which relief can be granted because the court would lack jurisdiction and the claims seek relief against an immune defendant.

### C. Judicial Immunity

Furthermore, should Strickland's reference to "Division 'D'" of the state court be construed as an attempt to name the state district court judge in that division, his pursuits fare no better. The state district judge who accepted Strickland's plea and sentenced him pursuant thereto enjoys absolute judicial immunity from suit and both monetary and injunctive relief like that sought by Strickland in this case. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996); *LeClerc v. Webb*, 419 F.3d 405, 414 (5th Cir. 2005) (recognizing that the FCIA of 1996 precludes injunctive relief for suits against a judicial officer acting in a judicial capacity); *see also* 42 U.S.C. § 1983 ("[i]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable.").

Judicial immunity is an immunity from suit, not just the ultimate assessment of relief. *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *Davis v. Tarrant County, Tex.*, 565 F.3d 214 (5th Cir. 2009) (immunity provides incentive for judges to make difficult decision without fear of personal repercussions). Judicial immunity may be overcome in only two circumstances, neither of which applies here, when the claims involve nonjudicial actions outside of the judge's judicial capacity or actions taken in complete absence of jurisdiction.

*Mireles*, 502 U.S. at 11.  Allegations of bad faith or malice are not sufficient to overcome judicial immunity.  *Id*.

Strickland's claims here arise from the presiding state court judge's acceptance of his plea and sentencing pursuant to the agreement Strickland signed, all of which by his own admissions was done in accordance with Louisiana law and the authority of the state district judge provided therein.  "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'"  *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireles*, 502 U.S. at 12).  The actions forming the basis of Strickland's claims were typical judicial matters for which the state district court judge, if named, would be absolutely immune.

In addition, should Strickland have intended to name the state district court judge in an official capacity, any such claims would be considered to have been brought against the State of Louisiana itself and barred by the Eleventh Amendment.  *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *see Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n. 3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself."); *see also*, La. Stat. Ann. § 13:5108.1 (addressing payments from the state treasury).

For these reasons, should Strickland have intended to sue the state district court judge in Division D of the 21st Judicial District Court, either individually or in an official capacity, his claims would be subject to dismissal with prejudice pursuant to § 1915 and § 1915A as frivolous and/or for failure to state a claim for which relief can be granted because the court would lack jurisdiction and the claims seek relief against an immune defendant.

**D.     *Heck* Doctrine**

Even if Strickland could identify a proper defendant, or person, subject to liability under § 1983 for his allegedly unconstitutional plea "contract" and/or convictions, his claims would be barred by the United States Supreme Court's doctrine under *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87.

Strickland has made clear in his claims that his allegedly unconstitutional plea "contract" resulted in unconstitutional convictions, which now should be "declared unconstitutional, voided or set aside." ECF No. 4 at 13, n.7.  His claims necessarily call into question the validity of his convictions and current incarceration.  He, therefore, could not prosecute his § 1983 claims until his convictions have been successfully challenged through state and/or federal habeas proceedings in the ways provided for in *Heck*.  *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (explaining that, under *Heck*, "a state prisoner's section 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Thus, even if Strickland could identify a non-immune person and proper defendant for purposes of § 1983, his claims would be subject to dismissal with prejudice pursuant to § 1915 and § 1915A as frivolous and/or for failure to state a claim for which relief can be granted until such time as the *Heck* conditions are met.  *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657

(5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'") (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Jeremy Strickland's 42 U.S.C. § 1983 complaint against the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana, Division "D" be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A, as frivolous and otherwise for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 2nd day of April, 2024.

          **KAREN WELLS ROBY**
          **UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.