## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JEREMY STRICKLAND**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 24-379**

**21ST JUDICIAL DISTRICT COURT**                         **SECTION: "G"(4)**
**DIVISION "D"**

## <u>ORDER AND REASONS</u>

Before the Court are Plaintiff Jeremy Strickland's ("Plaintiff") objections[1] to the Report

and Recommendations of the United States Magistrate Judge assigned on the case.[2] Plaintiff, a

convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC"), filed a *pro se*

and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the 21st Judicial District

Court for Tangipahoa Parish, Louisiana, Division "D" ("21st JDC").[3] Plaintiff alleges that his

convictions under a "plea contract agreement" denied him due process, equal protection, and an

adequate judicial remedy.[4] The Magistrate Judge recommended that Plaintiff's claims be

dismissed with prejudice as frivolous and for failure to state a claim on which relief can be

granted.[5] Plaintiff objects to the Magistrate Judge's recommendation.[6] Considering the Complaint,

the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record, and the

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 9.

[3] Rec. Doc. 4.

[4] *Id.*

[5] Rec. Doc. 9.

[6] Rec. Doc. 10.

applicable law, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's recommendation, and dismisses Plaintiff's claims with prejudice.

## I. Background

Plaintiff  alleges that on October 22, 2011, he entered into a "plea contract agreement" which led him to enter pleas of nolo contendere on two counts of forcible rape, two counts of second-degree kidnapping, two counts of oral sexual battery, one count of aggravated criminal damage to property, four counts of solicitation to commit murder, one count of issuing worthless checks, and one count of false representations as a peace officer.[7] He further states that, on November 14, 2001, a judge in the 21st JDC sentenced him to serve a term of: 40 years in prison on each count of forcible rape with the first two years to be served without probation, parole, or suspension of sentence; 40 years in prison on each count of second-degree kidnapping; 15 years in prison on each count of oral sexual battery; 15 years in prison for aggravated criminal damage; 10 years in prison on each count of solicitation of murder; one year in prison for issuing worthless checks; and 90 days in prison for false representation.[8]

Plaintiff argues that his convictions under the "plea contract agreement" denied him due process, equal protection, and an adequate judicial remedy.[9] He claims that the "contract" and its enforcement under Louisiana's statutory framework also violated separation of powers where it promised him a certain sentence and caused him unconstitutional injury through loss of enjoyment

---

[7] Rec. Doc. 4 at 8.

[8] *Id.* at 8–9.

[9] *Id.* at 10.

of life and liberty.[10] Plaintiff asks this Court to restore his liberty, declare his plea unconstitutional, and set aside his conviction and sentence.[11]

The Magistrate Judge recommends that Plaintiff's claims be dismissed.[12] The Magistrate Judge noted that state courts are not considered persons within the meaning of Section 1983.[13] Even if a Louisiana state court could be sued, the Magistrate Judge pointed out the 21st JDC is a division or agency of the State, and so any claim against it would be barred by the Eleventh Amendment.[14] If Plaintiff intended to sue the state district court judge, the Magistrate Judge found that the judge would be entitled to judicial immunity.[15] Finally, even if Plaintiff could identify a proper defendant, the Magistrate Judge found that Plaintiff's claims would be barred under the *Heck* doctrine because Plaintiff is essentially seeking to invalidate his conviction.[16]

Plaintiff objects to the Magistrate Judge's recommendation.[17] Plaintiff objects to the standard of review applied to the *in forma pauperis* Complaint.[18] Plaintiff asserts that the Magistrate Judge's finding that the Complaint is frivolous prejudices his right to a fair review of

---

[10] *Id.*

[11] *Id.* at 13.

[12] Rec. Doc. 9.

[13] *Id.* at 3.

[14] *Id.* at 4. Dismissal under the Eleventh Amendment would be without prejudice. *See infra* note 31.

[15] Rec. Doc. 9 at 7.

[16] *Id.* at 8.

[17] Rec. Doc. 10.

[18] *Id.* at 3.

his claims.[19] Plaintiff argues that the 21st JDC is a proper defendant and is subject to the jurisdiction of this Court.[20]

## II. Standard of Review

### A.    *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[21] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[22] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[23]

### B.    *Standard for Frivolousness*

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[24] A complaint is frivolous if it lacks an arguable basis in law or fact.[25] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[26] It lacks a basis in

---

[19] *Id.*

[20] *Id.* at 4.

[21] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[22] Fed. R. Civ. P. 72(b)(3).

[23] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objection from ten to fourteen days).

[24] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[25] *Id.*

[26] *Id.*

facts if "the facts alleged are clearly baseless."[27] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[28]

### III. Analysis

The Magistrate Judge recommended that Plaintiff's claims against the 21st JDC be dismissed with prejudice as frivolous and for failure to state a claim on which relief can be granted.[29] Plaintiff raises a general objection to the Magistrate Judge's recommendation.[30] However, he does not raise any specific argument to dispute the bars to relief identified by the Magistrate Judge.

Louisiana state courts are not considered persons within the meaning of Section 1983.[31] Plaintiff does not suggest that he intended to sue the state district court judge. Even if he did, the judge would be entitled to judicial immunity. It is well settled that judges are immune from liability for judicial acts done within their jurisdiction.[32] "[A] judge 'will not be deprived of immunity

---

[27] *Id.*

[28] *See* 28 U.S.C. § 1915A; 42 U.S.C. §1997e(c).

[29] Rec. Doc. 9 at 11.

[30] Rec. Doc. 10.

[31] *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D. La. 1976) ("[S]tate courts are not considered 'persons' within the meaning of § 1983."), *aff'd*, 537 F.2d 1141 (5th Cir. 1976); *Dunn v. Louisiana*, No. 10-4519, 2011 WL 446651, at *3 (E.D. La. Jan. 20, 2011), *report and recommendation adopted*, 2011 WL 445684, at *1 (E.D. La. Feb. 3, 2011); *Thompson v. St. Bernard Par. Ct.*, No. 09-4465, 2010 WL 110797, at *3 (E.D. La. Jan. 11, 2010); *Stewart v. Crim. Dist. Ct. of La.*, No. 08-3731, 2008 WL 4758610, at *2 (E.D. La. Oct. 30, 2008); *Knight v. Guste*, No. 07-1124, 2007 WL 1248039, at *3 (E.D. La. Apr. 27, 2007).

The Eleventh Amendment also bars § 1983 claims against a state court. Even if a Louisiana state court could be sued, the 21st JDC is a division or agency of the State, and so any claim for monetary damages would be barred by the Eleventh Amendment. *Jefferson v. Louisiana State Supreme Ct.*, 46 F. App'x 732, at *1 (5th Cir. 2002). To the extent the claims are barred by the Eleventh Amendment, the dismissal would be without prejudice for lack of jurisdiction. *Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017). Since the other bases for dismissal are with prejudice, the Court need not reach this issue.

[32] *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

because the action he took was in error . . . or was in excess of his authority.'"[33] "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'"[34] In other words, the Court must determine "whether it is a function normally performed by a judge."[35] Plaintiff's claims arise from the state court's handling of his guilty plea. Therefore, the state court judge would be entitled to judicial immunity.

Finally, even if Plaintiff could identify a proper defendant, Plaintiff's claims would be barred under the *Heck* doctrine. In *Heck v. Humphrey*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[36]

Plaintiff's claims directly challenge the veracity and validity of his conviction and the plea agreement he entered in state court. Thus, even if Plaintiff could identify a non-immune person and proper defendant for purposes of Section 1983, his claims would be subject to dismissal with prejudice until such time as the *Heck* conditions are met.[37]

---

[33] *Mireles v. Waco*, 502 U.S. 9, 12–13 (1991) (quoting *Stump*, 435 U.S. at 362).

[34] *Id.* (quoting *Stump*, 435 U.S. at 362).

[35] *Id.* (quoting *Stump*, 435 U.S. at 362).

[36] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (should this be 88?) (1994).

[37] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

## IV. Conclusion

For the reasons discussed above, Plaintiff's claims must be dismissed as frivolous and for failure to state a claim on which relief can be granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation;[38]

**IT IS FURTHER ORDERED** that Plaintiff's claims against the 21st Judicial District Court for Tangipahoa Parish, Louisiana, Division "D" are **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted.

**NEW ORLEANS, LOUISIANA**, this <u>28th</u> day of June, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[38] The Court does not adopt the portion of the report that recommends dismissal with prejudice under the Eleventh Amendment, as such a dismissal would be without prejudice. *See Anderson*, 675 F. App'x at 464.