UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMY STRICKLAND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-379** |
| **21ST JUDICIAL DISTRICT COURT DIVISION "D"** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is *pro se* Plaintiff Jeremy Strickland's ("Plaintiff") Motion to Reconsider Judgment.[1] Plaintiff, a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC"), filed a *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the 21st Judicial District Court for Tangipahoa Parish, Louisiana, Division "D" ("21st JDC").[2] On June 28, 2024, this Court dismissed Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and for failure to state a claim upon which relief can be granted.[3] Plaintiff now seeks reconsideration of the Judgment.

The Court dismissed Plaintiff's claims because Louisiana state courts are not considered persons within the meaning of Section 1983.[4] To the extent Plaintiff intended to sue the state district court judge, the Court found that the judge would be entitled to judicial immunity.[5] Even if Plaintiff could identify a proper defendant, the Court found Plaintiff's claims would be barred

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 4.

[3] Rec. Doc. 12.

[4] Rec. Doc. 11.

[5] *Id.*

1

under the *Heck* doctrine because Plaintiff's claims directly challenge the veracity and validity of his conviction and the plea agreement he entered in state court.[6]

Plaintiff moves for reconsideration of the Court's ruling.[7] He argues the plea agreement he entered in state court denied him due process and equal protection of the law.[8] Plaintiff asserts that federal courts have subject matter jurisdiction over cases challenging the constitutionality and validity of a conviction.[9] In support, Plaintiff cites Supreme Court cases addressing federal writs of habeas corpus.[10]

The Fifth Circuit has noted that while the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*," it has consistently recognized that such a motion may challenge a judgment under Federal Rules of Civil Procedure 59(e) or 60(b), depending on the time of the filing.[11] If such a motion is filed within 28 days after entry of the judgment from which relief is being sought, the motion will be treated as a motion to reconsider under Rule 59(e).[12] Plaintiff's motion was filed within 28 days after entry of the Judgment.[13] Accordingly, the Court considers the motion under Federal Rule of Civil Procedure 59(e).

---

[6] *Id.*

[7] *See* Rec. Doc. 13.

[8] *Id.* at 1–2.

[9] *Id.* at 2.

[10] *Id.* (citing *Moore v. Dempsey*, 261 U.S. 86 (1923); *Mooney v. Holohan*, 294 U.S. 103 (1935); *Bowen v. Johnston*, 306 U.S. 19 (1930)).

[11] *Gulf Offshore Logistics, L.L.C., et al. v. Seiran Exploration & Prod. Co., LLC, et al.*, No. 11-1788, 2014 WL 2215747, at *5 (E.D. La. May 28, 2014) (Brown, J.) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

[12] *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). *See also* Fed. R. Civ. P. 59(e).

[13] *See* Rec. Docs. 12, 13.

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"[14] In deciding motions for reconsideration, courts in this district consider four factors: (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an intervening change in the controlling law.[15] However, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[16]

Plaintiff does not present any manifest error of law or fact, newly discovered evidence, or an intervening change in the controlling law. Plaintiff asserts that this Court should consider his Section 1983 claims on the merits because federal courts have subject matter jurisdiction over cases challenging the constitutionality and validity of a conviction.[17] In support, Plaintiff cites Supreme Court cases addressing federal writs of habeas corpus.[18] The instant case was filed under Section 1983, not as a petition for writ of habeas corpus.

It would be futile to construe the Complaint as a federal habeas petition under 28 U.S.C. § 2254 because this Court lacks jurisdiction to consider such a petition. Plaintiff previously filed

---

[14] *Rosenblatt v. United Way of Greater Houston,* 607 F.3d 413, 419 (5th Cir. 2010) *(quoting Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[15] *See, e.g.*, *Castrillo v. Am Home Mortg. Servicing, Inc*., No. 09-4369, 2010 WL 1424398 at *3–4 (E.D. La. Apr. 5, 2010) (Vance, J.).

[16] *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004).

[17] Rec. Doc. 13 at 2.

[18] *Id*. (citing *Moore v. Dempsey*, 261 U.S. 86 (1923); *Mooney v. Holohan*, 294 U.S. 103 (1935); *Bowen v. Johnston*, 306 U.S. 19 (1930)).

a Section 2254 petition challenging this same conviction that was dismissed with prejudice on the merits.[19] This Court does not have jurisdiction to consider a second or successive habeas petition challenging that same state criminal judgment unless the habeas petitioner has obtained authorization for such a filing from the United States Court of Appeals for the Fifth Circuit.[20] Plaintiff has not obtained authorization from the Fifth Circuit to file a successive habeas petition. Therefore, this Court does not have jurisdiction to consider a successive Section 2254 petition. Plaintiff provides no valid basis for reconsideration of the Judgment dismissing his Section 1983 claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jeremy Strickland's Motion to Reconsider Judgment[21] is **DISMISSED**.

**NEW ORLEANS, LOUISIANA**, this __31st__ day of January, 2025.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[19] *Strickland v. Day*, No. 21-cv-2307 (E.D. La. Aug. 29, 2022).

[20] *See* 28 U.S.C. § 2244(b).

[21] Rec. Doc. 13.